UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELANA REZNIK,<br><br>      Plaintiff,<br><br>  v.<br><br>LOCKHEED MARTIN CORPORATION and JOHN DOES 1 THROUGH 50 inclusive (fictitious names) jointly, severally and in the alternative,<br><br>      Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-5090<br>(JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

ELKIND & DIMENTO
Anthony F. DiMento, Esq.
2090 East Route 70
Cherry Hill, NJ 08033
    Counsel for Plaintiff

OGLETREE DEAKINS NASH SMOAK & STEWART
Jennifer A. Rygiel-Boyd, Esq.
10 Madison Avenue, Suite 400
Morristown, NJ 07960
    Counsel Defendant

**Irenas**, Senior District Judge:

    This employment retaliation matter comes before the Court on Defendant Lockheed Martin Corporation's ("Lockheed") motion for summary judgment.[1]  For the reasons outlined below, the Court will grant Defendant's motion.

---

[1] The Court has subject matter over this removed action pursuant to 28 U.S.C. § 1332(a).

1

I.

Plaintiff Elana Reznik began working for Defendant in January 1997 as an engineer staff member. (Pl.'s Stmts ¶ 1; Def.'s Stmts ¶ 3)

In December of 2008, Plaintiff was assigned to the J5 program, where she worked under William McCorkle and Thomas Fitzgerald. (Def.'s Stmt ¶¶ 5, 8)

In March of 2009, she complained to her functional manager, Alan Shell, that McCorkle and Fitzgerald were harassing her and treating her unfairly because of her age.[2] (Def.'s Stmt ¶ 8) Shell had become Plaintiff's functional manager only days before, assuming the role on March 1, 2009. (Def.'s Stmts ¶ 6) Shell relayed Plaintiff's complaint to Lockheed's Human Resources department.

On March 13, 2009, Plaintiff met with Lonnie DeHart of Corporate Ethics and Melissa Kraus of Human Resources and again complained of age discrimination. (Pl.'s Stmts ¶ 3) Plaintiff alleged that McCorkle and Fitzgerald set "unreasonable expectations in work goals," communicated with her rudely,

---

[2] Plaintiff was 45 years of age when the discrimination allegedly began.
    Staff engineers at Plaintiff's rank have both an administrative manager, who is not an engineer and is referred to as a functional manager, and engineering managers that lead the day-to-day operations of Lockheed's substantive projects. Engineering managers evaluate staff members' engineering work product and skills.

2

failed to include her on emails, and "required her to follow a specific format" to which she objected. (Def.'s Stmts ¶ 15; see also Compl. ¶ 13)

Kraus subsequently investigated the allegations and found no evidence of age discrimination.[3] (Pl.'s Stmts ¶ 4)

On April 14, 2009, Kraus and DeHart again met with Plaintiff and advised her of Kraus's findings. (Pl.'s Stmts ¶ 19)

Kraus and DeHart also met with Shell. Plaintiff stood outside and overheard portions of the conversation. Plaintiff heard Shell state that Plaintiff "lies," "can't do the work," and "slipped under the radar all these years." (Pl.'s Stmts ¶ 8.h.)

Plaintiff alleges that from that point forward Shell retaliated against her for complaining about McCorkle and Fitzgerald. Plaintiff points to three manifestations of retaliation.

First, Plaintiff alleges she received undeservingly low performance reviews. While employed, Plaintiff received annual reviews composed of a written assessment and a numerical rating

---

[3] On July 24, 2009, Craig Cash of Lockheed's Ethics Department requested an independent review of Kraus's investigation. (Pl.'s Stmts ¶ 5) Jacqueline Monroe subsequently reviewed the investigation and concluded that Ms. Kraus's investigation was not biased or flawed, and that there was no evidence of age discrimination. (Def.'s Stmts ¶ 18)

3

on a scale of 1 through 5, with 1 being the highest. The reviews were determined after a series of meetings held between Lockheed's functional managers, Senior Manager Hanh Schnell, and the Director of Systems Engineering. (Shell Tr. 43) In 2009, the year in which Plaintiff complained that she was the object of age discrimination, she received a score of 3, referred to as a Successful Contributor. In 2010 and 2011, she received a 4 – Basic Contributor.

Second, Plaintiff complains that Shell unreasonably prevented her from working overtime from October 2011 until January 2012. (Pl.'s Stmts ¶¶ 27-31)

And third, Plaintiff alleges her termination as a staff engineer was a product of Shell's unlawful retaliation.

In late 2011, Lockheed decided to let go a sizeable portion of its engineering staff. It proceeded to rank its engineers based on management's assessment of their critical skills and the last three years of performance reviews. Neither Shell nor McLaverty played a role in the company's assessment.[4]

On August 7, 2012, 280 Lockheed employees were dismissed. 108 of the 280 were staff engineers, and 74 held the exact position as Plaintiff. (Pl.'s Stmts ¶ 1.f.)

---

[4] Because of Plaintiff and Shell's strained working relationship, she began reporting to functional manager Dennis McLaverty in January 2012.

## II.

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).

"'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case.'" Conoshenti v. Public Serv. Elec. & Gas, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting Celotex, 477 U.S. at 323). The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 249.

5

### III.

Plaintiff raises a single claim of unlawful retaliation in violation of the New Jersey Law Against Discrimination. See N.J.S.A. 1-:5-12(d). Because she fails to put forward evidence that Defendant's non-discriminatory justifications were pretextual, her claim will be dismissed.

Claims for retaliation under NJLAD are analyzed pursuant to the burden shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

To prove retaliation, Plaintiff first must establish a prima facie case of retaliation: (i) that she engaged in a protected activity known by Defendant; (ii) that she suffered an adverse employment action; and (iii) that a causal connection exists between the protected activity and the adverse action. Tartaglia v. UBS PaineWebber, Inc., 197 N.J. 81, 125 (2008).

If a prima facie case is established, the defendant has the burden to come forward with a non-discriminatory justification for the adverse action. Cottrell v. Good Wheels, 458 F. App'x 98, 101 (3d Cir. 2012). If the defendant does so, the burden returns to the plaintiff to prove "defendant's proffered reasons were merely a 'pretext for discrimination.'" Id. (quoting McDonnell Douglas Corp., 411 U.S. at 804); see also Peper v. Princeton Univ. Board of Trustees, 77 N.J. 55, 87 (1978)

6

("[J]udicial intervention in the private employment context has a limited purpose. Anti-discrimination laws do not permit courts to make personnel decisions for employers. They simply require that an employer's personnel decision be based on criteria other than those proscribed by law.")

Assuming <u>arguendo</u> Plaintiff sets forth a prima facie case, <u>see</u> <u>Marzano v. Computer Science Corp. Inc.</u>, 91 F.3d 497, 508 (3d Cir. 1996) (holding that the evidentiary burden at the prima facie stage is "rather modest: it is to demonstrate to the court that plaintiff's factual scenario is compatible with discriminatory intent"), Plaintiff fails to put forward evidence that Defendant's justifications were pretextual.

"To prove pretext, a plaintiff may not simply show that the employer's reason was false but must also demonstrate that the employer was motivated by discriminatory intent." <u>Zive v. Stanley Roberts, Inc.</u>, 182 N.J. 436, 450 (2005). Furthermore, "to defeat summary judgment when the defendant answers the plaintiff's prima facie case with legitimate, non-discriminatory reasons for its action, the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." <u>Fuentes v.</u>

Perskie, 32 F.3d 759, 764 (3d Cir. 1994); Jones v. McCormick & Schmick's Seafood Restaurants, Civ. No. 12-4503 (RMB/AMD), 2014 WL 1669808, at *6 (D.N.J. Apr. 28, 2014) (same).

Plaintiff fails to point to evidence that leads the Court to disbelieve Defendant's justifications.

Three adverse employment actions underlie Plaintiff's claim for retaliation: (i) Plaintiff's negative performance reviews in 2010 and 2011; (ii) Shell's denial of overtime from October 2011 to January 2012; and (iii) Plaintiff's dismissal in August 2012.[5]

First, as to the negative performance reviews, Defendant claims that they were not only accurate reflections of

---

[5] During her deposition, Plaintiff listed seven incidents she believed constituted adverse employment action. See Br. at 15-17. In her Opposition Brief, however, Plaintiff narrowed her claim to those incidents listed herein. See Opp'n Br. at 29-30; Reply at 2-3.

Plaintiff complains of additional conduct worth noting that the Court finds does not constitute adverse employment action. Plaintiff complains of Shell's enforcement of Lockheed's policy of requiring employees to work at least four hours per day. However, Plaintiff's evidentiary support is so scant, and the resulting injury so trivial, it is disregarded for present purposes. See Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) ("The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm. . . . [A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination. We speak of material adversity because it is important to separate significant from trivial harms. Title VII, we have said, does not set forth a general civility code for the American workplace.")

8

Plaintiff's work, but also that the reviewing process utilized the input of multiple managers, thereby minimizing any possible impact Shell's allegedly nefarious motivation had. (Br. 29-30)

Second, as to the denial of overtime, Defendant posits, with evidentiary support, that Shell did not prevent Plaintiff from working overtime, but rather enforced Lockheed's company-wide policy that a staff engineer obtain manager approval for overtime before submitting a bill for overtime worked. (Br. at 30) And Defendant points to evidence during the relevant time period indicating that manager approval was not to be granted: Shell was directed from management to "watch the overtime of his engineers" and only allow "critical" work to be done after normal business hours. (Id. at 30-31)

And third, as to Plaintiff's dismissal, Defendant claims that it "evaluated the entire work force" based on "management's assessment of their critical skills and the last three years performance reviews" and Plaintiff had "the lowest [ranking] among engineers" in her respective group. (Br. at 12-13) Consequently, Plaintiff was let go with over 200 other employees.

In response, Plaintiff fails to point to any evidence, direct or circumstantial, that leads the Court to disbelieve Defendant. Instead, Plaintiff sets forth, in year-by-year

9

detail, Plaintiff's marginal salary increase, as a percentage, and annual reviews.

The timeline composed of Plaintiff's raises demonstrates that, while under Shell, "Plaintiff's salary increase was reduced in 2010" and Plaintiff received "no raises during the years 2011 and 2012." (Opp'n Br. at 27-28).

The timeline composed of Plaintiff's reviews shows that Plaintiff received ratings of Successful Contributor and Basic Contributor interchangeably between 1998 and 2002; received Successful Contributor from 2003 until 2009, her first year under Shell; and then received Basic Contributor her last two years under Shell.[6] (Opp'n Br. at 28-29)

Although Plaintiff's evidence is compatible with an incident of unlawful retaliation, it does not lead the Court to disbelieve Defendant and discredit the proffered nonretaliatory justifications. The fact that circumstantial evidence, in certain circumstances, is sufficient to prove an incident of unlawful retaliation, see Fuentes, 32 F.3d at 764, does not require that all claims of retaliation supported by a modicum of

---

[6] In addition to the timelines, Plaintiff points to two other pieces of evidence to prove retaliation occurred. One is the testimony of another Lockheed employee, Albert Alfano, who stated that Plaintiff was a competent engineer. (Opp'n Br. at 30) The other is the fact that Terrence Jackson, an engineer assigned to the same J5 project as Plaintiff but had a different functional manager, received overtime work at times she did not. (Opp'n Br. at 29)

10

circumstantial evidence withstand summary judgment. The circumstantial evidence Plaintiff propounds here is insufficient. Accordingly, Defendant's motion will be granted.

## IV.

For the reasons stated above, Defendant's motion for summary judgment will be granted. An appropriate Order accompanies this Opinion.

May 15, 2014

_____
Joseph E. Irenas, S.U.S.D.J.